NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| SOMERSET MEDICAL CENTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TORI JEWETT & PATRICIA JEWETT, | : | Civ. No. 08-5135 (GEB) |
| | : | |
| Defendants/ | : | **MEMORANDUM OPINION** |
| Third-Party Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| HORIZON BLUE CROSS BLUE SHIELD | : | |
| OF NEW JERSEY and TEAMSTERS | : | |
| LOCAL 560 BENEFIT FUNDS | : | |
| | : | |
| Third-Party | : | |
| Defendants. | : | |
| | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of plaintiff Somerset Medical Center ("Plaintiff") to remand the case to state court [Docket No. 5]. The Court, having considered the parties' submissions and having decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, will grant Plaintiff's motion.

**I.    BACKGROUND**

On May 1, 2008, Plaintiff filed a collection action in the Superior Court of New Jersey, Somerset County against defendants Tori Jewett and Patricia Jewett ("Defendants") seeking payment of unpaid bills for hospital services rendered to Tori Jewett on April 20, 2005, February 7, 2006 and February 28, 2006. (Compl., attached as Exh. B to Decl. of Steven Stadtmauer, Esq. ("Stadtmauer Decl.") [Docket No. 5]). In response, Defendants filed an answer and Third-Party Complaint against Horizon Blue Cross Blue Shield of New Jersey ("Blue Cross") and Teamsters

1

Local 560 Benefit Funds ("Local 560" and together, with Blue Cross, "Third-Party Defendants"),[1] asserting that as Tori Jewett's insurance carriers, Third-Party Defendants are liable for the unpaid medical bills at issue. (Third-Party Compl., attached as Exh. A to Stadtmauer Decl.).

On October 17, 2008, Local 560 filed a notice of removal with the Clerk of this Court, seeking removal of this action pursuant to 28 U.S.C. §§ 1441(a) and (c) and arguing that this Court has jurisdiction over Defendants' third-party claims because they arise under the Employment Retirement and Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., and the Taft-Hartley Act, 29 U.S.C. § 186(a). (Notice of Removal, ¶ 7 [Docket No. 1]; *see also* 28 U.S.C. § 1331). Blue Cross consented to this removal. (*Id.*) Plaintiff subsequently contacted counsel for Third-Party Defendants and Defendants, who Plaintiff asserts are *pro se* in this matter, seeking a consent order to voluntarily remand this action to the Superior Court ("Consent Order"). (Stadtmauer Decl. at ¶ 4). The attorneys for each of the Third-Party Defendants executed the Consent Order. (*Id.*; *see also* Consent Order, attached as Exh. B to Stadtmauer Decl.) However, Plaintiff was not successful in contacting Defendants regarding the Consent Order. (Stadtmauer Decl. at ¶ 4). Because Plaintiff was unable to secure Defendants' consent to a voluntary remand of this action, Plaintiff filed this motion on November 14, 2008. (*Id.* at ¶ 5.) Neither Defendants nor Third-Party Defendants have filed opposition to the motion. However, on November 18, 2008, Local 560 filed a notice of consent to remand of the action to the Superior Court. (Notice of Consent [Docket No. 6]).

**II.    DISCUSSION**

    **A.    Standard for Remand**

"Removal of a complaint from state to federal court is proper only if the federal court to which the action is removed would have had original jurisdiction over the matter." *Hackensack*

---

[1] The Court recognizes that the Union Fund has indicated that its actual name Trucking Employees of North Jersey Welfare Fund, Inc. but that it is doing business as Teamsters Local 560 Benefit Funds.

*Univ. Med. Ctr. v. Lagno*, No. 06-687, 2006 U.S. Dist. LEXIS 80497, at *5 (D.N.J. Nov. 3, 2006), citing 28 U.S.C. §§ 1441(a)-1441(b). The statute provides in relevant part:

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Remand is governed by 28 U.S.C. § 1447(c), which provides that a:

> motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). "When the propriety of the removal is challenged, the burden is on the defendant to show that removal is proper, and the Court is obligated to strictly construe the removal statutes against removal and resolve any doubts in favor of remand." *Lagno*, 2006 U.S. Dist. LEXIS 80497, at *5 (internal quotations omitted) (quoting *Entrekin v. Fisher Scientific, Inc.*, 146 F. Supp. 2d 594, 604 (D.N.J. 2001)).

    **B.**    **Removal By Third Parties**

Plaintiff argues that removal was improper because Local 560 is a third-party defendant in this matter and therefore cannot remove the action under 28 U.S.C. § 1441. As Plaintiff notes, the issue of whether a third-party defendant is entitled to remove an action under this statute has never been addressed by the United States Supreme Court or the United States Court of Appeals for the Third Circuit. (Pl.'s Br. at 4, citing *Monmouth-Ocean Collection Service, Inc. v. Klor*, 46 F. Supp. 2d 385, 389 (D.N.J. 1999); *see also Patient Care, Inc. v. Freeman*, 755 F. Supp. 644, 646 (D.N.J. 1991) ("Not only are there conflicts within several circuits [regarding third party removal], including the Third Circuit, there are even, as the decisions of this Court indicate, conflicts within individual judicial districts.")

    **1.**    **The Majority View**

The majority of cases in various jurisdictions have concluded that a third-party defendant

is not entitled to remove a case under 28 U.S.C. § 1441.  *See Patient Care*, 755 F. Supp at 647 (citations omitted);  *Klor*, 46 F. Supp at 389 (citing 14C C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE and PROCEDURE, § 3724 at 40 (3d ed. 1998); *Lewis v. Windsor Door Co.*, 926 F.2d 729, 733-34 (8th Cir. 1991); *Thomas v. Shelton*, 740 F.2d 478, 482-88 (7th Cir. 1984); *Easton Financial Corp. v. Allen*, 846 F. Supp. 652, 653 (N.D. Ill. 1994); *Schmidt v. Assoc. of Apartment Owners*, 780 F. Supp. 699, 702-03 (D. Haw. 1991); *Fleet Bank-NH v. Engeleiter*, 753 F. Supp. 417, 418-19 (D.N.H. 1991)).

In *Kaye Associates v. Board of Chosen Freeholders of Gloucester*, 757 F. Supp. 486 (D.N.J. 1991), the Court discusses this majority view of removal.  In that case, the third-party defendant removed the action on the basis of diversity of citizenship between it and the defendant/third-party plaintiff.  *Id.* at 486. The Court recognized that "numerous courts have held that third-party defendants can remove actions under § 1441(c), so long as the third-party complaint is a 'separate and independent claim or cause of action, which would be removable if sued upon alone.'" *Id.* at 487 (citing *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980); *Columbia Casualty Co., Inc. v. Statewide Hi-Way Safety, Inc.*, 94 F.R.D. 182 (D.N.J. 1982); *Marsh Investment Corp. v. Langford*, 494 F. Supp. 344 (E.D. La. 1980); *Bond v. Doig*, 433 F. Supp. 243 (D.N.J. 1977); *Ted Lokey Real Estate Co. v. Gentry*, 336 F. Supp. 741 (N.D. Tex. 1972).  However, the Court also noted that other courts have rejected this view, finding that "third-party defendants are not proper parties for removal because they are not 'defendants' under § 1441(a) and/or because § 1441(c) only applies to claims joined by plaintiffs." *Kaye Assocs.*, 757 F. Supp. at 487 (citing 1A MOORE'S FEDERAL PRACTICE ¶ 0.167[10] (2nd Ed. 1990); *Luebbe v. Presbyterian Hospital*, 526 F. Supp.1162 (S.D.N.Y. 1981); *Chase v. North American Systems, Inc.*, 523 F. Supp. 378 (W.D. Pa. 1981); *Hopkins Erecting Co. v. Briarwood Apartments of Lexington*, 517 F. Supp. 243 (E.D. Ky. 1981); *White v. Baltic Conveyor Co.*, 209 F. Supp. 716 (D.N.J. 1962)).

Adopting this latter view, the Court reasoned that the "better interpretation of § 1441 is that section (c) is only applicable to claims joined by the plaintiff." *Kaye Assocs.*, 757 F. Supp. at 488. The Court recognized that to allow removal by third-party defendants would conflict with other well-established rules regarding removal. *Id.* (noting that cases cannot be removed solely on the basis of a defendant's counterclaim, that removability is determined by the initial pleadings filed by the plaintiff and that a case nonremovable on the initial pleadings can become removable only pursuant to a voluntary act of the plaintiff) (citations omitted). The Court also reasoned that the legislative history of the statute indicates that the section was not intended to extend the right of removal to third-party defendants. *Id*. at 489 ("Looking at that legislative history, it seems clear that the intent of § 1441(c) was to ensure that the plaintiff cannot preclude the right to remove a removable claim through the device of joining a wholly separate and independent nonremovable claim.") (internal quotations and citation omitted). The Court held "[g]iven that intent, the policy of strict construction of removal statutes, and the apparent conflict with other well-established principles of removal, we cannot conclude, without more express guidance from Congress, that section (c) [of 28 U.S.C. 1441] was intended also to expand removal jurisdiction by allowing removal by third-party defendants." *Kaye Assocs.*, 757 F. Supp. at 489.

        **2.**       **The Minority View**

In *Patient Care, Inc. v. Freeman*, 755 F. Supp. 644 (D.N.J. 1991), the court adopted the minority view that third-party defendants may remove an action under Section 1441. In that case, the plaintiff instituted a collection action in state court against defendants for unpaid bills for medical services provided. *Id.* at 645. Defendants filed a third-party complaint, claiming that they were entitled to benefits under a group medical benefits plan operated by the third-party defendant. *Id.* The third-party defendant in turn filed a notice of removal, arguing that defendants' claims, although framed as state law causes of action, were in fact preempted by ERISA and so were displaced by ERISA's civil enforcement provisions. *Id.* at 645-46. Thus, the

third-party defendant reasoned, defendants claims arose under federal law and removal was proper under 28 U.S.C. § 1441(a). *Id*. at 646.

In support of its conclusion that third-party defendant removal is permissible, the Court noted that § 1441(c) in fact does not provide that only claims joined by the plaintiff may be removed. *Id.* at 649 (quoting *Ford Motor Credit Co. v. Aaron-Lincoln Mercury, Inc*., 563 F. Supp. 1108, 1112 (N.D. Ill. 1983). "Construing § 1441(c) to include only claims joined by the plaintiff inserts qualifying language into the statute not placed there by Congress." (further citations omitted)).  The Court further recognized that a third-party defendant "never voluntarily submitted itself to the jurisdiction of the state court" but instead is  "dragged into state court by service of process the same way that any other defendant is brought into court" and "is as much a defendant as if the case had been originally brought against it."  *Id*. (quoting *Ford Motor Credit*, 563 F. Supp. at 1113 (footnotes and internal quotations omitted).

The Court also noted the policy considerations that support third-party removal, and reasoned that "denying removal to protect the plaintiff's choice of forum simply overlooks the third-party defendant's equally important interest in having the federal claim against it heard in federal court." *Id*. (citations omitted).  The Court also reasoned that the statute itself provides certain safeguards, stating that  "there is no reason why the plaintiff's choice of forum and the interest in avoiding an unwarranted expansion of federal jurisdiction cannot be protected by the district court's exercise of its discretion to 'remand all matters not otherwise within its original jurisdiction.'" *Id*. at 650 (citing 28 U.S.C. § 1441(c)).

### 3. To Be Removable, Claims Must Be "Separate and Independent"

"The common ground between these two views is that removal should only be allowed for claims that are, in the language of Section 1441(c), 'separate and independent' from the main cause of action. *Lagno*, 2006 U.S. Dist. LEXIS 80497, at *11 (citing *Patient Care, Inc*., 755 F. Supp. at 650). "If the main cause of action and third-party claim are interdependent, then remanding the former to state court will potentially subject a party to inconsistent judgments in

6

state and federal courts." *Lagno*, 2006 U.S. Dist. LEXIS 80497, at *11 (citing *Patient Care, Inc.*, 755 F. Supp. at 651).

With respect to claims for indemnification, removal is proper "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions" and "there is no separate and independent claim or cause of action under § 1441(c)." *Lagno*, 2006 U.S. Dist. LEXIS 80497, at *11 (citing *Patient Care, Inc.*, 755 F. Supp. at 651 (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951) (internal quotations omitted)). Regardless of whether the indemnification claim was between joint tortfeasors or based on a separate contractual obligation, "the right to indemnification is wholly dependent on the judgment being awarded against the defendant." *Lagno*, 2006 U.S. Dist. LEXIS 80497, at *11-12 (citing Patient Care, Inc., 755 F. Supp. at 651). As such, courts have held that indemnification claims are not "separate and independent" as defined by Section 1441(c) and so such claims cannot be removed by third-party defendants. See *Lagno*, 2006 U.S. Dist. LEXIS 80497, at *11-12 (citing *Patient Care, Inc.*, 755 F. Supp. at 651).

    **C.  Removal of This Action is Not Appropriate**

As Plaintiff notes, under either the majority or minority view, there is no basis for Local 560's removal of this action. Per the majority view, Local 560, as a third-party defendant, is not empowered to remove this action under 28 U.S.C. § 1441(c) because it is not the plaintiff in this case. See *Kaye Assocs.,* 757 F. Supp. at 486-89. Further, removal is equally inappropriate under the minority view. In the Third-Party Complaint, Defendants seek indemnification from Third-Party Defendants which arises directly from Plaintiff's claim for payment. (See Third-Party Complaint). Because "the right to indemnification is wholly dependent on the judgment being awarded against the defendant," and therefore is not a "separate and independent" claim as required by Section 1441, removal is not appropriate. *Lagno*, 2006 U.S.

Dist. LEXIS 80497, at *11-12 (citing *Patient Care, Inc.*, 755 F. Supp. at 651).[2]

### III. CONCLUSION

For these reasons, Plaintiff's motion to remand the case to state court [Docket No. 5] is granted.  An appropriate form of order is filed herewith.


Dated:  March 23, 2009


                                                                                         /s/ Garrett E. Brown, Jr.
                                                                                         GARRETT E. BROWN, JR., U.S.D.J.

---

[2] The Court further notes that both Third-Party Defendants not only do not oppose remand of this action to state court but have actually consented to its remand.  See Consent Order, Notice of Consent.